Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

ROLANDO TAYUN, *individually and on behalf of others similarly situated,*

                 *Plaintiff,*

         -against-

JMFF LLC (d/b/a DORLAN'S TAVERN & OYSTER BAR), FERNANDO DALLORSO, JEREMY DAHM, MATTHEW ANDREWS, and FRANK CASANO,

                 *Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Rolando Tayun ("Plaintiff Tayun" or "Mr. Tayun"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants JMFF LLC (d/b/a Dorlan's Tavern & Oyster Bar) ("Defendant Corporation"), Fernando Dallorso, Jeremy Dahm, Matthew Andrews, and Frank Casano (collectively, "Defendants"), alleges, upon information and belief, as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiff Tayun was an employee of Defendants JMFF LLC (d/b/a Dorlan's Tavern & Oyster Bar) ("Defendant Corporation"), Fernando Dallorso, Jeremy Dahm, Matthew Andrews and Frank Casano.

2.      Dorlan's Tavern & Oyster Bar is a bar and restaurant owned by Fernando Dallorso, Jeremy Dahm, Matthew Andrews and Frank Casano located at 213 Front St, New York, NY 10038.

3.      Upon information and belief, Defendants Fernando Dallorso, Jeremy Dahm, Matthew Andrews, and Frank Casano serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Tayun was an employee of Defendants.

5.      Plaintiff Tayun worked long days as a cleaning porter at Dorlan's Tavern & Oyster Bar, located at 213 Front St, New York, NY 10038.

6.      Plaintiff Tayun regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Tayun appropriately for any hours worked over 40.

8.      Further, Defendants failed to pay Plaintiff Tayun (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

9.      Defendants' conduct extended beyond Plaintiff Tayun to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Tayun and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Tayun now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and violations of the "spread of hours" orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiff Tayun seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Tayun's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Tayun was employed by Defendants in this district.

3

**PARTIES**

*Plaintiff*

15.     Plaintiff Rolando Tayun ("Plaintiff Tayun" or "Mr. Tayun") is an adult individual residing in Bronx County, New York.

16.      Plaintiff Tayun was employed by Defendants from approximately July 7, 2015 until on or about August 6, 2016.

17.     At all relevant times to this complaint, Plaintiff Tayun was employed by Defendants as a general porter at Dorlan's Tavern & Oyster Bar, located at 213 Front Street, New York, New York 10038.

18.     Plaintiff Tayun consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate and/or control a bar and restaurant located at 213 Front Street, New York, New York 10038 under the name of Dorlan's Tavern & Oyster Bar, at all times relevant to this complaint.

20.     Upon information and belief, Defendant JMFF LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Front Street, New York, New York 10038.

21.     Defendant Fernando Dallorso is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.     Defendant Fernando Dallorso is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23.     Defendant Fernando Dallorso possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24.     Defendant Fernando Dallorso determined the wages and compensation of employees, including Plaintiff Tayun, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Jeremy Dahm is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.     Defendant Jeremy Dahm is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.     Defendant Jeremy Dahm possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28.     Defendant Jeremy Dahm determined the wages and compensation of employees, including Plaintiff Tayun, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29.     Defendant Matthew Andrews is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

5

30. Defendant Matthew Andrews is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

31. Defendant Matthew Andrews possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

32. Defendant Matthew Andrews determined the wages and compensation of employees, including Plaintiff Tayun, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

33. Defendant Frank Casano is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34. Defendant Frank Casano is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

35. Defendant Frank Casano possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

36. Defendant Frank Casano determined the wages and compensation of employees, including Plaintiff Tayun, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

37. Defendants own, operate and/or control a bar and restaurant located at 213 Front Street, New York, New York 10038.

38.      Individual Defendants Fernando Dallorso, Jeremy Dahm, Matthew Andrews and Frank Casano possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

39.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40.      Each Defendant possessed substantial control over Plaintiff Tayun's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tayun, and all similarly situated individuals, referred to herein.

41.      Defendants jointly employed Plaintiff Tayun, and all similarly situated individuals, and are Plaintiff Tayun's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

42.      In the alternative, Defendants constitute a single employer of Plaintiff Tayun and/or similarly situated individuals.

43.      Upon information and belief, Individual Defendants Fernando Dallorso, Jeremy Dahm, Matthew Andrews, and Frank Casano operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)      failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

7

(b)      defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)      operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)      intermingling assets and debts of their own with Defendant Corporation;

(g)      diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

44.      At all relevant times, Defendants were Plaintiff Tayun's employers within the meaning of the FLSA and NYLL.

45.      Defendants had the power to hire and fire Plaintiff Tayun, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Tayun's services.

46.      In each year from 2015 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

47.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

48.     Plaintiff Tayun is a former employee of Defendants, who was employed as a general porter.

49.     Plaintiff Tayun seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Rolando Tayun*

50.     Plaintiff Tayun was employed by Defendants from approximately July 7, 2015 until on or about August 6, 2016.

51.      At all relevant times, Plaintiff Tayun was employed by Defendants to work as a general porter.

52.     Plaintiff Tayun regularly handled goods in interstate commerce, such as cleaning supplies, and garbage bags which were necessary to perform his duties as a general porter.

53.      Plaintiff Tayun's work duties required neither discretion nor independent judgment.

54.     Throughout his employment with Defendants, Plaintiff Tayun regularly worked in excess of 40 hours per week.

55.     From approximately July 7, 2015 until on or about August 6, 2016, Plaintiff Tayun worked from approximately 1:00 a.m. until on or about 9:00 a.m. three days per week and

from approximately 1:00 a.m. until on or about 12:00 p.m. or 1:00 p.m. four days per week (typically 68 to 76 hours per week).

56.     From approximately July 7, 2015 until on or about August 6, 2016, Plaintiff Tayun was paid his wages by check.

57.     From approximately July 7, 2015 until on or about August 6, 2016, Plaintiff Tayun was paid a fixed salary of $638 per week.

58.     Plaintiff Tayun's wages did not vary regardless of how many additional hours he worked in a day or week.

59.     Specifically, Defendants required Plaintiff Tayun to work approximately two to three hours past his scheduled departure time four times per week and did not pay him any additional compensation for the additional time he worked.

60.     Plaintiff Tayun was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

61.     Defendants did not provide Plaintiff Tayun with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

62.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Tayun regarding wages as required under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Tayun with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Tayun, in English and in Spanish (Plaintiff Tayun's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Tayun to purchase "tools of the trade" with his own funds—including a number of uniforms for the job.

*Defendants' General Employment Practices*

66.     Defendants regularly required Plaintiff Tayun to work in excess of forty (40) hours per week without paying him the spread of hours pay or any overtime compensation.

67.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Tayun and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, and spread of hours pay, as required by federal and state laws.

68.     Defendants regularly required Plaintiff Tayun to work in excess of forty (40) hours per week without paying them the proper overtime compensation or spread of hours pay.

69.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants paid Plaintiff Tayun all of his wages by personal check.

71.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tayun (and similarly situated individuals) worked, and to avoid paying Plaintiff Tayun properly for (1) his full hours worked,(2)his spread of hours pay and (3) his overtime compensation.

11

72.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Tayun and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages; deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff Tayun and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Tayun and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiff Tayun brings his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Dorlan's Tavern & Oyster Bar (the "FLSA Class").

76.     At all relevant times, Plaintiff Tayun and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

77.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

13

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

78.    Plaintiff Tayun repeats and re-alleges all paragraphs above as though fully set forth herein.

79.    Defendants, in violation of the FLSA, failed to pay Plaintiff Tayun (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

80.    Defendants' failure to pay Plaintiff Tayun (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.    Plaintiff Tayun (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS)**

82.    Plaintiff Tayun repeats and re-alleges all paragraphs above as though fully set forth herein.

83.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Tayun (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

84.     Defendants failed to pay Plaintiff Tayun (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

85.     Defendants' failure to pay Plaintiff Tayun (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.      Plaintiff Tayun (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

87.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to pay Plaintiff (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

89.     Defendants' failure to pay Plaintiff Tayun (and the FLSA class members) an additional hour's pay for each day Plaintiff Tayun's (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

90.     Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

15

**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

91.     Plaintiff Tayun repeats and re-alleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Tayun with a written notice, in English and in Spanish (Plaintiff Tayun's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Tayun in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

94.     Plaintiff Tayun repeats and re-alleges all paragraphs above as though set forth fully herein.

95.     Defendants did not provide Plaintiff Tayun with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Tayun in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

97.     Plaintiff Tayun repeats and realleges all paragraphs above as though set forth fully herein.

98.     Defendants required Plaintiff Tayun to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a uniform, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99.     Plaintiff Tayun was damaged in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Tayun respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Tayun in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tayun  and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tayun's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Tayun and the FLSA class members;

(e)     Awarding Plaintiff Tayun and the FLSA class members damages for the amount of unpaid overtime wages under the FLSA as applicable;

(f)     Awarding Plaintiff Tayun and the FLSA class members liquidated damages in an

amount equal to 100% of their damages for the amount of unpaid overtime wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tayun and the members of the FLSA Class;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Tayun and the members of the FLSA Class;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Tayun's and the FLSA Class members' compensation, hours and wages;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage order were willful as to Plaintiff Tayun and the FLSA Class members;

(k)     Awarding Plaintiff Tayun and the FLSA class members damages for the amount of unpaid overtime wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiff Tayun and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m)     Awarding Plaintiff Tayun and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Tayun and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Tayun demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
         October 28, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

   /s/ Michael Faillace
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 6, 2016

**BY HAND**

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Rolando Tayun Chan

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        06 de septiembre de 2016

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 6, 2016

**BY HAND**

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Rolando Tayun Chan

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                    06 de septiembre de 2016